UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BRET LEE SISSON, )
)
Petitioner, )
)
vs. ) Case No. 1:13-cv-01314-TWP-TAB
)
MR. ZATECKY, )
)
Respondent. )

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Bret Lee Sisson for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISR 12-12-0049. For the reasons explained in this Entry, Sisson's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On December 4, 2012, Investigator M. Peterson wrote a Report of Conduct in case ISR 12-12-0049 charging Sisson with attempted trafficking. The Report of Conduct states:

> On December 4, 2012 at approximately 11:00 A.M. I – (Mr. W.C. Peterson Internal Affairs Investigator IV/ Correctional Police Officer) revie[w]ed a letter written by Offender Bret Lee Sisson 920528. The letter was addressed to a person by the name of Frances L. Sisson with a mailing address of P.O. Box #85 Walton, Indiana 46994-0085. In the letter written to Mrs. Frances L. Sisson, Offender Sisson wrote the following statements "As for the soboxoin patchs I can sell all of them you get for $10 each and you don't have to deal with anyone but me. If you want house back you'd get them, Then talk to me like a wife might sign house back to if you listen do shit my way. Make Carol stop Lortab give you suboxoin patches 3 times a day let me get them I'll sign house back to you plain simple."

On December 7, 2013, Sisson was notified of the charge of attempted trafficking and served with the Report of Conduct and the Notice of Disciplinary Hearing "Screening Report". Sisson was notified of his rights, pled not guilty and requested the appointment of a lay advocate. He requested his wife and Investigator W. Peterson as witnesses. He also requested a copy of the handwriting as physical evidence. The hearing officer conducted a disciplinary hearing in ISR 12-12-0049 on December 10, 2012, and found Sisson guilty of the charge of attempted trafficking. In making this determination, the hearing officer considered the offender's statements, staff reports, letters from Sisson's wife, and a copy of the letter addressed to Sisson's wife. The hearing officer recommended and approved the following sanctions: a written reprimand, and a 180 day deprivation of earned credit time.

Sisson appealed to the Facility Head on December 19, 2012. The Facility Head denied the appeal on January 14, 2013. Sisson's appeal to the Final Reviewing Authority was denied on January 17, 2013.

### C. Analysis

In support of his claim for habeas relief, Sisson alleges the following errors: 1) he was charged with two different code violations and the evidence does not support either charge; 2) he was charged with two different code violations on the same conduct report; 3) he was denied the handwriting analysis that he requested; and 4) his wife's relationship with Investigator Peterson goes beyond a professional relationship.

These arguments amount to a challenge to the sufficiency of the evidence. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A rational adjudicator could readily conclude from the content and surrounding circumstances of the letter referenced in the conduct report that Sisson was conveying instructions to his wife to obtain drugs which could be delivered to him within the prison and that if that occurred it would be contraband. This supports a further inference that Sisson was attempting to traffic that contraband into the prison. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [hearing officer's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). The fact that the letter could have been confiscated by staff prior to leaving the facility because it related to trafficking and the fact that the letter could have been tampered with after it left the prison may raise doubts about the guilty finding but these facts are not exculpatory. Further Sisson had the opportunity to argue that his wife's relationship with Investigator Peterson played a role in the conduct report at the disciplinary hearing.

Next, Sisson specifically complains that he was charged with two different code violations. Sisson was charged with the code for attempt, which requires reference to another code violation to designate which other violation was attempted. In this case the other violation was trafficking, such that the conduct report properly cited to both the attempt code and the trafficking code to charge Sisson with attempted trafficking. There was no error in this regard.

Sisson's other complaint is that at screening he requested to call his wife and Mr. Peterson as witnesss and sought a handwriting analysis. Due process, however, only requires access to witnesses and evidence that are exculpatory. *See Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992) (due process only requires production of "exculpatory" evidence); *see also Meeks v. McBride,* 81 F.3d 717, 721 (7th Cir. 1996) ("exculpatory evidence" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt"). The denial of evidence will be considered harmless unless the prisoner shows that the evidence could have aided his defense. *Piggie,* 342 F.3d at 666. Sisson has not shown that any of the proposed witnesses would have been exculpatory.

In addition, Sisson was not entitled to an independent handwriting analysis to advance his defense as a matter of law. *See Freitas v. Auger,* 837 F.2d 806, 812 n. 13 (8th Cir. 1988) (holding that prisoners are not entitled to polygraph tests in disciplinary hearings); *see also United States v. Sanapaw,* 366 F.3d 492, 496 (7th Cir. 2004) (holding that, even in a criminal trial, forensic testing is not necessary to prove the identity of controlled substances so long as the other evidence, both circumstantial and direct, is sufficient); *Allen v. Purkett,* 5 F.3d 1151, 1153 (8th Cir. 1993) (per curiam) (holding that prison officials were not required to provide additional urinalysis by impartial laboratory to corroborate reports about prisoner's drug use).

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Sisson to the relief he seeks. Accordingly, Sisson's petition for a writ of habeas corpus must be **DENIED** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 02/10/2015

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

BRET LEE SISSON
920528
INDIANA STATE REFORMATORY
4490 W. Reformatory Rd.
R15-3R
Pendleton, IN 46064

All Electronically Registered Counsel